```
            UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

JOSE L. CRUZ,                    :
                                 :
        Petitioner               :    No. 1:16-CV-00O18
                                 :
    vs.                          :    (Judge Kane)
                                 :
STEVEN GLUNT, ET AL.,            :
                                 :
        Respondents              :
```

### MEMORANDUM

On January 6, 2016, Jose L. Cruz, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which consists of the standard form 28 U.S.C. § 2254 petition routinely provided to inmates and an attached 8-page typewritten document entitled "Petition for Writ of Habeas Corpus." (Doc. Nos. 1, 1-1.) Cruz's petition raises both exhausted and unexhausted claims. Also on January 6, 2016, Cruz filed a motion to proceed in forma pauperis. (Doc. No. 2.) The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254,[1] and for the reasons discussed below, the court will direct Cruz to show cause in writing why the exhausted claims set forth in his petition should not be dismissed as untimely filed and why the unexhausted

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

claims should not be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509 (1982)(habeas petition containing both exhausted and unexhausted claims must be dismissed); United States v. Bendolph, 409 F.3d 155, 166-167 (3d Cir. 2005)(en banc)(district court must give petitioner notice before dismissing claims as untimely); Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004)(one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1) must be applied on a claim-by-claim basis).

**Background**

    **A.**    **Cruz's Allegations**

Cruz alleges that on March 1, 2007, he was found guilty of second degree murder, robbery, theft by unlawful taking and receiving stolen property and that on October 2, 2007, he was sentenced by the Court of Common Pleas of Luzerne County to a term of life imprisonment for the murder plus 20 years for the robbery. (Doc. No. 1, at 1.) Cruz states that he appealed his conviction to the Superior Court of Pennsylvania. (Id. at 2.) In that appeal Cruz claims that he raised the following issues: ineffective assistance of counsel, layered ineffective assistance of counsel, denial of due process, and failure of counsel to introduce evidence which was of an exculpatory nature. (Id.) Cruz avers that on November 8, 2008, the Superior Court vacated the consecutive sentence of 20 years for the robbery but affirmed the

sentence of life imprisonment for second degree murder.[2] (Id.) Cruz then sought review in the Supreme Court but the Supreme Court denied review on October 6, 2010. (Id.)

Cruz then avers that on September 28, 2011, he filed in the Court of Common Pleas a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA") raising the same issues that he presented in his direct appeal to the Superior Court. (Id. at 3.) Cruz states that an evidentiary hearing was held on September 7, 2012, and that on September 24, 2013 the Court of Common Pleas denied his PCRA petition. (Id.) Cruz's form petition is silent as to any further appeals regarding his conviction. However, in the typewritten document entitled "Petition for Writ of Habeas Corpus" attached to the form petition, Cruz refers to ongoing state court proceedings and requests that the instant petition for habeas corpus be stayed and held in abeyance pending the outcome of those proceedings. (Doc. 1-1, at 7-8.)

In the attachment Cruz also sets forth his federal habeas claims. Cruz contends that certain claims were exhausted in the state courts and other claims are still pending in the state courts. With respect to the exhausted claims Cruz contends that, first, all of the attorneys who represented him during the state

---

2. Because the robbery was an element of second degree murder it merged into that offense. Commonwealth v. Maddox, 307 Pa.Super. 524, 531-533, 453 A.2d 1010, 1015 (Pa.Super. 1982); Commonwealth v. Adams, 2012 Pa.Super 11,___, 30 A.3d 310, 325 (Pa.Super. 2012); Commonwealth v. Breeden, 2014 WL 11015580, at *10 (Pa. Super. Jan. 23, 2014).

court proceedings were ineffective because they failed to present during the trial or raise on appeal exculpatory DNA evidence and, second, the prosecuting attorney engaged in misconduct by withholding exculpatory evidence which if presented at trial would have exonerated him. (Id. at 1-5.)  The alleged exculpatory evidence is a "DNA analysis report dated March 28, 2006" which Cruz claims "conclusively excluded [him] from this crime." (Id. at 5.)

Cruz's unexhausted claims, which are his basis for requesting a stay and holding this case in abeyance, are twofold. First, he claims that the mandatory sentence of life imprisonment for second degree murder is unconstitutional in light of Alleyne v. United States, 133 S.Ct. 2151 (2013). (Id. at 6.) Second, he claims that his trial was tainted because the presiding judge, Michael T. Toole, "was actively committing crime while on the bench and specifically during the span in which he presided over [Cruz's] case."(Id.)

**B.   The State Court Dockets**

A district court may take judicial notice of proceedings in another court.  See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, 1137 (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

A review of the docket of the Court of Common Pleas of Luzerne County utilizing the Unified Judicial System of Pennsylvania Web Portal reveals that Cruz was charged on September 28, 2005, by Charles J. Prula of the Pennsylvania State Police, with criminal homicide, robbery, theft by unlawful taking and receiving stolen property. See Commonwealth of Pennsylvania v. Jose L. Cruz, CP-40-CR-0000329-2006 (Trial Court Docket Sheet). The charges were held sufficient and Cruz was bound over to the Court of Common Pleas of Luzerne County by a District Justice on January 13, 2006, and the case was assigned to Judge Michael T. Toole on January 27, 2006. (Id.) An information setting forth the charges of homicide, robbery, theft and receiving stolen property was filed against Cruz by the Commonwealth on April 12, 2006. (Id.)  A pretrial conference was held before Judge Toole on February 23, 2007; a jury trial was scheduled for February 26, 2007; and Cruz was found guilty of the charges by a jury on March 1, 2007. (Id.)  On October 2, 2007, Judge Toole imposed a sentence of life imprisonment for criminal homicide, a consecutive sentence of 8 to 20 years for robbery and the charges of theft and receiving merged with the charge of robbery.(Id.)  A motion to modify sentence was filed on October 10, 2007, which was denied by Judge Toole on November 6, 2008.[3] (Id.)  On November 14, 2008, Cruz filed a notice of appeal to the Superior Court. (Id.)  After

---

3. The docket gives no explanation for the delay.

the notice of appeal was filed Judge Toole on November 25, 2008, ordered that a concise statement of matters complained of on appeal be filed by Cruz within 21 days. (Id.)  In accordance with that order the concise statement was filed by Cruz on December 16, 2008.[4]  Id.

On December 23, 2008, the Commonwealth filed a response to Cruz's concise statement. (Id.)  On January 6, 2009, Judge Toole issued an order directing the Commonwealth to file a brief in support of its response.(Id.) The docket reveals that this was the last order which Judge Toole issued in the case. (Id.)  On January 20, 2009, the Commonwealth complied with Judge Toole's order of January 6, 2009, by filing a brief, and on March 30, 2009, an addendum to the concise statement was filed by Cruz's attorney, Matthew Kelly.(Id.)

The docket reflects that letters from Cruz were sent to attorney Kelly and filed with the Court of Common Pleas on May 15 and August 17, 2009, and that on August 25, 2009, Judge Chester B. Muroski issued an order permitting attorney Kelly to withdraw as counsel and appointed Robert Buttner as counsel for Cruz. Id. Furthermore, the docket reflects that the lower court record was

---

4.  The Pennsylvania Rules of Appellate Procedure, Rule 1925, require the filing of a concise statement and give the judge who issued the decision which is the subject of the appeal an opportunity to issue a memorandum supplementing the reasons for the decision. Pa.R.A.P., Rule 1925.

sent to the Superior Court on September 16, 2009, under Superior Court docket number 2028 MDA 2008. (Id.)

A review of the docket of the Superior Court reveals that Cruz filed a notice of appeal on November 14, 2008, and that the Superior Court on March 9, 2009, sent a letter to the trial court judge stating that the record was delinquent and requesting that the record be transmitted pursuant to Rule of Appellate Procedure 1935(a). Commonwealth of Pennsylvania v. Jose L. Cruz, 2028 MDA 2008 (Appeal Docket). On September 22, 2009, the Superior Court received the trial court record. (Id.) After submission of briefs by Cruz and the Commonwealth, the Superior Court on April 22, 2010, affirmed the sentence of life imprisonment for second degree murder and vacated the sentence of 8 to 20 years for robbery.[5](Id.) The docket of the Pennsylvania Supreme Court reveals that on May 24, 2010, Cruz filed a petition for allowance of appeal and on October 6, 2010, the Supreme Court denied that petition. Commonwealth of Pennsylvania, Respondent v. Jose L. Cruz, Petitioner, 365 MAL 2010 (Allocatur Docket Sheet).

**C. Judge Toole**

As the result of the filing of a criminal information against Judge Toole by the United States Attorney for the Middle District of Pennsylvania, the Supreme Court of Pennsylvania on

---

5. The decision of the Superior Court was filed in the trial court on November 8, 2010. See Commonwealth of Pennsylvania v. Jose L. Cruz, CP-40-CR-0000329-2006 (Trial Court Docket Sheet).

December 3, 2009, issued a per curiam order relieving Judge Toole of any and all judicial and administrative responsibilities as a judge of the Court of Common Pleas of Luzerne County and ordered him not to take any further administrative or judicial action whatsoever in any case or proceeding until further order of court. In re: Judge Michael T. Toole, Court of Common Pleas of Luzerne County, No. 336 (Judicial Administration Docket), http://www.pacourts.us/assets/opinions/Supreme/out/336jad.pdf#search=%22Michael T. toole%22(Last accessed June 16, 2016).[6]  Thereafter, the Supreme Court on December 30, 2009, issued an order terminating Judge Toole's salary and benefits as the result of his entry of a plea of guilty to the information on December 29, 2009. Id., http://www.pacourts.us/assets/opinions/Supreme/out/336jad-amend.pdf#search=%22Michael T. toole%22 (Last accessed June 16, 2016).

     A review of this court's docket reveals that on December 2, 2009, the United States filed a two-count information charging Judge Toole with honest services wire fraud, in violation of Title 18, United States Code, Section 1343 and 1346, and wilfully making and subscribing a false individual tax return in violation of Title 26, United Stats Code, Section 7206(1)  United States v. Michael T. Toole, Criminal No. 3:09-CR-385-RPC (M.D.Pa. Information filed Dec. 2, 2009)(Doc. No. 1.)  The information

---

6.  This suspensions was widely publicized. Notably, on December 4, 2009, the Times-Tribune of Scranton, Pennsylvania published an article regarding the Supreme Court's suspension of Judge Toole.

charged that from in or about July, 2005, to in or about September 2008, Judge Toole corruptly abused his position as a judge by concealing an ongoing financial relationship with an attorney who represented parties in a civil case pending before him. Specifically, Judge Toole accepted free use of a beach house on multiple occasions and the attorney influenced Judge Toole to select a third arbitrator whom the attorney preferred in a uninsured/underinsured motorist arbitration proceeding. (Id.)  On December 29, 2009, Judge Toole entered a guilty plea to the charges pursuant to a written plea agreement. Id. (Doc. No. 3.)

On June 24, 2010, the Supreme Court decided Skilling v. United States, 130 S.Ct. 2896, 2932 (2010), which held that honest service fraud could not be based upon a failure to disclose theory.  Because that decision impacted Judge Toole's plea to count one of the information, the United States and Judge Toole reached an agreement to dismiss count one and have him enter a plea of guilty to a superseding information which charged a violation of Title 18, United States Code, Section 666(a)(1)(B), accepting a gratuity intending to be rewarded for a discretionary decision. Id. (Doc. Nos. 51, 52.)  On November 2, 2010, Judge Toole entered a guilty plea to the superseding information. Id. (Doc. No. 53.)  After the preparation of a presentence report, Judge Toole was sentenced on April 8, 2011, to a term of imprisonment of thirty months to be followed by a term of supervised release of three years. Id. (Doc. No. 82.)

### D.    Proceedings under the PCRA

The docket of the Court of Common Pleas confirms that Cruz filed a PCRA petition on September 28, 2011. See Commonwealth of Pennsylvania v. Jose L. Cruz, CP-40-CR-0000329-2006 (Trial Court Docket Sheet).  The docket, however, further reveals that a supplemental PCRA petition was filed on February 1, 2013; a brief in support of the supplemental petition was filed on April 1, 2013; a brief in opposition was filed on April 24, 2013; Judge Joseph F. Sklarosky, Jr., issued an opinion and order on September 24, 2013, denying Cruz post-conviction relief; Cruz filed in the Court of Common Pleas a notice of appeal on October 23, 2013; and a decision of the Superior Court dated December 30, 2014, was filed in the Court of Common Pleas on February 13, 2015. (Id.)

 A review of the docket of the Superior Court confirms that Cruz filed on October 23, 2013, a notice of appeal of the denial of his PCRA petition; on December 30, 2014, the Superior Court dismissed the appeal; and Cruz did not seek further review in the Supreme Court. See Commonwealth of Pennsylvania v. Jose L. Cruz, 1976 MDA 2013 (Appeal Docket Sheet).

Although Cruz did not seek further review in the Supreme Court, the docket of the Court of Common Pleas reveals that on July 14, 2015, he filed a second PCRA petition with the Court of Common Pleas and an amendment to that petition on July 22, 2015; on August 27, 2015, the Commonwealth filed a motion to dismiss the second PCRA petition; on November 6, 2015, the Court of Common

Pleas issued a notice of its intent to dismiss the second PCRA petition; and on December 9, 2015 Cruz filed a response to that notice. See Commonwealth of Pennsylvania v. Jose L. Cruz, CP-40-CR-0000329-2006 (Trial Court Docket Sheet). The second PCRA petition is still pending in the Luzerne County Court of Common Pleas and based on the allegations in the present habeas petition it appears that in the second PCRA petition Cruz is claiming Alleyne is applicable to his case and that the criminal activity of former Judge Toole tainted his criminal conviction to such an extent that a new trial is required.[7]

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

---

7. Cruz does not indicate how Judge Toole's criminal activity in an unrelated civil matter tainted his criminal trial.

11

> such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The court's review of Cruz's petition does not reveal the applicability of 28 U.S.C. § 2244(d)(1)(B). Although not explicitly stating that he is relying on subsections C or D, the unexhausted claim raised by Cruz that Alleyne is applicable to his case arguably falls under subsection C and Cruz's unexhausted claim that former Judge Toole's criminal activity tainted his criminal trial falls under subsection D. The applicability of these subsections can only be determined definitively after Cruz exhausts his state court remedies. However, at this juncture, neither subsection appears applicable for the following reasons.

Cruz claims that his conviction and mandatory sentence of life imprisonment under 42 Pa.C.S.A. §9711 for second degree

12

murder was rendered unconstitutional by the United States Supreme Court in Alleyne v. United States, 133 S.Ct. 2151(2013). In Alleyne the Supreme Court held that any fact that increases a mandatory minimum for a crime is an element of the crime and not a sentencing factor. In Pennsylvania a jury in order to convict a defendant of second degree murder must find that the murder was committed during the commission of another felony, 18 Pa.C.S.A. § 2502(b)("[a] criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony"), and anyone convicted of second degree murder is to receive a life sentence. 18 Pa.C.S.A. § 1102(b)("[A]person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment."). See Amenuvor v. Mazurkiewicz, No. 2:11-CV-0651, 2012 WL 171507, at *2 (W.D.Pa. Jan. 20, 2012). In Cruz's case, the robbery was an element of the offense submitted to the jury and found beyond a reasonable doubt. Consequently, Judge Toole did not enhance Cruz's sentence based on an element which was not presented to a jury and found beyond a reasonable doubt to exist.  Third, Alleyne did not recognize a new constitutional right applicable to Cruz's case. Every Circuit has held that Alleyne is not retroactive to cases on collateral review. See Butterworth v. United States, 775 F.3d 459, 467-468 (1st Cir.

2015); United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013); United States v. Winkleman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Stewart, 540 App'x 171, 172 n* (4th Cir. Sept. 27, 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Mazzio, 756 F.3d 487, 489-491 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Walker v. United States, 810 F.3d 568, 573-575 (8th Cir. 2016); Hughes v. United States, 770 F.3d 814, 817 (9th Cir. 2014); In re Payne, 733 F.3d 1027, 1029-1030(10th Cir. 2013); Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-1286 (11th Cir. 2014).

As for Cruz allegation that he recently came into possession of the information which reveals that Judge Toole was involved in criminal conduct, and he refers to disciplinary action taken against the judge, that information was available in December 2009, and the factual predicate for that claim could have been discovered through the exercise of reasonable diligence well-before his direct appeal was concluded on October 6, 2010, when the Supreme Court of Pennsylvania denied his petition for allowance of appeal.  The factual predicate for Cruz's claim that his trial was tainted because of Judge Toole's criminal conduct was discoverable as early as December of 2009. See United States v. Toole, No. 3:09-CR-00385, (M.D.Pa. Information Filed Dec. 2, 2009)(Conaboy, J.).

For our purposes subsection A is applicable and October 6, 2010, is the date that the statute of limitations began to run with respect to the exhausted claims. Consequently, the court will review the law with respect to that subsection and then apply the law to the facts to determine whether or not Cruz's exhausted claims were timely filed.

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998)(<u>per</u> <u>curiam</u>); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998). It is <u>not</u> the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See <u>Bunnell v. Yukins</u>, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period

15

did not begin to run anew after the completion of his post-conviction proceedings.").[8]

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v.

---

8. See also, e.g., Kuehner v. Com. of Pennsylvania, No. 3:15-CV-0800, 2016 WL 1595389, at *4 (M.D.Pa. April 20, 2016)(Mannion, J.); Weaver v. Palakovich, No. 1:06-CV-01768, 2008 WL 2247139, at *3 (M.D.Pa. May 30, 2008)(Conner, J.); Schmuck v. Commonwealth of Pennsylvania, No. 4:CV-07-270, 2007 WL 4150669, at *2 (M.D.Pa. Nov. 19, 2007)(McClure, J.); Nicholas v. Commonwealth of Pennsylvania, No. 4:CV-05-1771, 2006 WL 1881228, at *3,(M.D.Pa. July 5, 2006)(Jones, J.); Williams v. Rozum, No. 4:CV-06-0111, 2006 WL 1864799, at *2 (M.D.Pa. June 30, 2006)(Muir,J.).

District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The history of the state court proceedings reveals that 352 days elapsed from when the conviction became final on October 6, 2010, to when Cruz filed a PCRA petition on September 28, 2011. Those days are counted towards the one-year statute of limitations.

To recap what was stated earlier the dockets reveal that the Court of Common Pleas issued an opinion and order on September 24, 2013, denying Cruz post-conviction relief; Cruz filed in the Court of Common Pleas a notice of appeal on October 23, 2013; and a decision of the Superior Court dated December 30, 2014, was filed in the Court of Common Pleas on February 13, 2015. A review of the docket of the Superior Court confirms that Cruz filed a notice of appeal on October 23, 2013; on December 30, 2014, the Superior Court dismissed the appeal; and Cruz did not seek further review in the Supreme Court. Consequently, Cruz had 13 days from January 29, 2015,[9] to file a federal habeas petition raising the exhausted claims, and the present petition filed January 6, 2016,

---

9. This is the date on which the time for seeking review expired.

is barred by the one-year statute of limitations[10] absent a basis for equitable tolling of the statute of limitations. <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003);[11] <u>Jones v. Morton</u>, 195 F.3d 153, 158 (3d Cir. 1999).

An appropriate order will be entered.

---

10. Even assuming that the second PCRA petition again tolled the running of the statute of limitations which is doubtful, 166 days elapsed between the expiration date for seeking review of the Superior Court dismissal of Cruz's appeal of the trial court's denial of his PCRA petition (January 29, 2015) and the date he filed his second PCRA petition (July 14, 2015), and those days are counted. Therefore, the total number of days chargeable to the one-year statute of limitations would be 518.

11. In <u>Merritt</u>, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." 326 F.3d at 161 (internal citations and quotations omitted).