**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE L. CRUZ,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:16-cv-00018** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **MARK GARMAN, et al.,** | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

Before the Court is <u>pro se</u> Petitioner Jose L. Cruz ("Petitioner")'s all-inclusive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 15.)  Respondents have filed a response to the § 2254 petition (Doc. No. 22), and Petitioner has filed a traverse (Doc. No. 31). Accordingly, Petitioner's § 2254 petition is ripe for disposition.  For the reasons that follow, the Court will dismiss Petitioner's § 2254 petition as untimely.

**I.      BACKGROUND**

**A.      Procedural History**

On March 1, 2007, following a jury trial in the Court of Common Pleas for Luzerne County, Pennsylvania, Petitioner was convicted of criminal homicide, robbery-inflict serious bodily injury, theft by unlawful taking-moveable property, and receiving stolen property.  <u>See</u> <u>Commonwealth v. Cruz</u>, Docket No. CP-40-CR-0000329-2006 (Luzerne Cty. C.C.P.).  On October 2, 2007, the trial court sentenced Petitioner to life imprisonment for criminal homicide. <u>See</u> <u>id.</u>  A consecutive sentence of a minimum of ninety-six (96) months to a maximum of twenty (20) years' incarceration was imposed for the robbery conviction.  <u>See</u> <u>id.</u>  On October 10, 2007, Petitioner filed a timely post-sentence motion, which the trial court denied on November 6, 2008.  <u>See</u> <u>id.</u>

Petitioner filed a timely appeal to the Superior Court of Pennsylvania.  See id.  On April

22, 2010, the Superior Court "affirmed [Petitioner's] convictions, vacated his separate [r]obbery

judgment of sentence, but affirmed [Petitioner's] judgment of sentence in all other respects."

See Commonwealth v. Cruz, No. 1976 MDA 2013, 2014 WL 10558222, at *1 (Pa. Super. Ct.

Dec. 30, 2014).  The Supreme Court of Pennsylvania denied Petitioner's petition for allowance

of appeal on October 6, 2010.  See id.

On September 28, 2011, Petitioner filed a pro se Post-Conviction Relief Act ("PCRA")

petition in the state court.  See Cruz, Docket No. CP-40-CR-0000329-2006.  Petitioner raised the

following claims in his petition: (1) trial counsel was ineffective for failing to present

exculpatory forensic findings at trial; (2) appellate counsel was ineffective for failing to include

exculpatory evidence in his post-sentencing motion; (3) appellate counsel was ineffective for

filing a frivolous concise statement with the trial court; (4) appellate counsel was ineffective for

failing to raise meritorious claims; (5) appellate counsel was ineffective for failing to raise issues

of arguable merit before the Superior Court; (6) appellate counsel was ineffective for failing to

file an amended concise statement; (7) Petitioner was "deprived of reasonable doubts"; (8) the

prosecution committed prosecutorial misconduct by withholding exculpatory evidence; and (9)

Petitioner "was denied a fair trial through the illegal trial fixing."  See Cruz, 2014 WL 10558222,

at *1 n.6.  After being appointed, counsel filed a supplemental PCRA petition that raised the

following claims: (1) counsel was ineffective for failing to investigate and follow through with

finding a match "for the blood of the t-shirt in evidence" because the DNA report excluded

Petitioner; (2) the prosecution failed to turn over all documentation related to DNA testing; (3)

counsel failed to call Tracy Smith and Mr. Flipens as witnesses who would have testified that

they were with the victim after Petitioner left the victim; and (4) counsel failed to obtain criminal

records to challenge the credibility of witnesses called at trial.  See id. at *1 n.7.  On September 24, 2013, the PCRA court denied Petitioner's PCRA petition.  (Doc. No. 26-1 at 26-35.)

Petitioner filed a timely appeal of the denial of his PCRA petition to the Superior Court. See Cruz, Docket No. CP-40-CR-0000329-2006.  On February 24, 2014, the Superior Court, upon motion by Petitioner, remanded the matter to the PCRA court to conduct a Grazier[1] hearing.  (Doc. No. 26-2 at 48.)  The PCRA court held a Grazier hearing on March 20, 2014 and granted Petitioner's request to proceed pro se.  See Cruz, 2014 WL 10558222, at *1.  On May 21, 2014, while Petitioner's appeal was pending before the Superior Court, Petitioner filed a second PCRA petition, which the PCRA court summarily dismissed on June 4, 2014.  (Doc. No. 26-4 at 89.)  On December 30, 2014, the Superior Court dismissed Petitioner's appeal because he had "filed a brief that fail[ed] to comply with the requirements of the Rules of Appellate Procedure governing the content of briefs and fail[ed] to develop meaningful arguments."  See Cruz, 2014 WL 10558222, at *2.  Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On July 14, 2015, Petitioner filed a third PCRA petition.  See Cruz, Docket No. CP-40-CR-0000329-2006.  On August 27, 2015, the Commonwealth filed a motion to dismiss Petitioner's third PCRA petition as untimely.  (Doc. No. 26-3 at 76-79.)  On November 6, 2015, the PCRA Court issued a Notice that it intended to dismiss Petitioner's PCRA petition.  See Cruz, Docket No. CP-40-CR-0000329-2006.  Petitioner filed a response asserting that his third PCRA petition was timely in light of the Supreme Court's decision in Alleyne v. United States,

[1] See Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1988).  In Grazier, the Supreme Court of Pennsylvania concluded that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."  See id. at 82.

3

570 U.S. 99 (2013).[2]  (Doc. No. 26-3 at 84-85.)  On March 17, 2017, the PCRA court dismissed

Petitioner's third PCRA petition as untimely.  (Doc. No. 26-4 at 84.)

       While Petitioner's third PCRA petition was pending in state court, Petitioner initiated the

above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 in this Court on January 6, 2016.  (Doc. No. 1.)  Petitioner requested that his § 2254

petition be stayed and held in abeyance pending the outcome of state court proceedings.  (Doc.

No 1-1 at 7-8.)  In his § 2254 petition, Petitioner raised the following claims for relief: (1)

counsel was ineffective for failing to present exculpatory DNA evidence; (2) the prosecution

engaged in misconduct by withholding exculpatory evidence that would have exonerated him;

(3) his mandatory sentence of life imprisonment was unconstitutional in light of Alleyne; and (4)

his trial was tainted because Michael T. Toole, the presiding judge, "was actively committing

crime while on the bench and specifically during the span in which he presided over

[Petitioner's] case."[3]  (Id. at 1-6.)  In a Memorandum and Order dated August 25, 2016, this

Court concluded that Petitioner's first two claims, which were exhausted, were untimely and that

his other two claims were unexhausted.  See Cruz v. Glunt, No. 1:16-cv-18, 2016 WL 4487015,

at *2, 7 (M.D. Pa. Aug. 25, 2016).  The Court, therefore, ordered Petitioner to show cause why

---

[2] In Alleyne, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." See Alleyne, 570 U.S. at 103.  Accordingly, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." See id.

[3] As this Court previously noted, Judge Toole pled guilty in this Court to a violation of 18 U.S.C. § 666(a)(1)(B), accepting a gratuity intending to be rewarded for a discretionary decision.  See Cruz v. Glunt, No. 1:16-cv-18, 2016 WL 4487015, at *4 (M.D. Pa. Aug. 25, 2016).  Judge Toole's guilty plea was based upon the fact that he had "corruptly abused his position as a judge by concealing an ongoing financial relationship with an attorney who represented parties in a civil case pending before him."  See id. at *3.  On April 8, 2011, he was sentenced to thirty (30) months' incarceration.  See id. at *4.

his exhausted claims should not be dismissed as untimely and why his unexhausted claims should not be dismissed without prejudice.  (Doc. No. 5.)  Petitioner filed his response on September 19, 2016.  (Doc. No. 8.)  On October 14, 2016, Respondents filed a response asserting that Petitioner's § 2254 petition should be dismissed as untimely.  (Doc. No. 9.)

No further action was taken until May 10, 2017, when the Court issued an administrative Order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could: (1) have the petition ruled on as filed—that is, as a § 2254 petition for a writ of habeas corpus—but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. No. 12.) The Court informed Petitioner that his failure to return the enclosed Notice of Election form would result in the Court ruling on his § 2254 petition as filed.  (Id.)  On May 24, 2017, Petitioner returned the Notice of Election form, indicating that he chose to withdraw his § 2254 petition so that he could file an all-inclusive petition within the applicable statute of limitations. (Doc. No. 13.)  Accordingly, in an Order dated May 25, 2017, the Court dismissed Petitioner's § 2254 petition (Doc. No. 1) without prejudice to his right to file a timely, all-inclusive petition (Doc. No. 14).

On July 6, 2017, Petitioner filed a fourth PCRA petition.  See Cruz, Docket No. CP-40-CR-0000329-2006.  On January 16, 2018, the PCRA court issued a Notice informing Petitioner of its intent to dismiss his fourth PCRA petition as untimely.  (Doc. No. 26-4 at 34-35.) Petitioner filed his response to the Notice on February 5, 2018.  (Id. at 36-37.)  On February 21, 2018, the PCRA court dismissed Petitioner's fourth PCRA petition for the reasons set forth in its

Notice.  (<u>Id.</u> at 40.)  Petitioner filed a timely notice of appeal to the Superior Court of

Pennsylvania.  (<u>Id.</u> at 42.)  On June 19, 2018, the PCRA court issued an opinion pursuant to

Pennsylvania Rule of Appellate Procedure 1925(b) setting forth its reasoning for dismissing

Petitioner's fourth PCRA petition as untimely.  (<u>Id.</u> at 88-93.)  On December 13, 2018, the

Superior Court dismissed Petitioner's appeal for failure to file a brief.  (<u>Id.</u> at 94.)

On December 6 and 26, 2019, the Court received from Petitioner two (2) documents

titled "supplemental brief to original habeas petition."  (Doc. Nos. 15, 17.)  Petitioner argued that

the Court erred by closing the above-captioned case because his state post-conviction

proceedings were still pending and did not conclude until December 13, 2018.  (Doc. No. 17 at

33.)  He maintained that the Court stayed proceedings on his § 2254 petition until state court

proceedings had concluded and argued that he never received the Notice of Election form.  (<u>Id.</u>)

In an Order dated January 21, 2020, the Court noted that it never stayed the above-captioned case

because it had received a signed Notice of Election form from Petitioner indicating that he

wished to withdraw his § 2254 petition so that he could later file an all-inclusive petition.  (Doc.

No. 18.)  In an abundance of caution, however, the Court considered Petitioner's supplement

(Doc. No. 15) to be his all-inclusive § 2254 petition and instructed the Clerk of Court to reopen

the above-captioned case to permit Petitioner to proceed as to his claims.  (<u>Id.</u>)

### B.  Petitioner's Habeas Claims

Petitioner did not use this Court's form for filing his § 2254 petition and, therefore, it is

difficult for the Court to discern the claims for relief that Petitioner is raising.  The Court's

liberal reading of the § 2254 petition, however, reveals the following claims for relief:

1.  Counsel rendered ineffective assistance when they failed to cross-examine Erica
    Neyhardt and Crissy Stull during the preliminary hearing;

2.      The prosecution committed misconduct by allowing "several obvious impaired witnesses," such as Neyhartd and Stull, to testify during the preliminary hearing;

3.      Counsel rendered ineffective assistance by failing to call Nicole Mummert and Dawn Partington as witnesses at trial;

4.      Counsel rendered ineffective assistance by not presenting as evidence the results of a DNA analysis concluding that Petitioner was excluded as a contributor of the blood found on the victim's shirt;

5.      The prosecution committed a <u>Brady</u>[4] violation by not producing the DNA serology report until a November 2012 hearing on Petitioner's PCRA petition; and

6.      The prosecution committed a <u>Brady</u> violation by not producing a report written by a private investigator until five (5) years after his trial.

(Doc. No. 15 at 2-6.)

## II.      LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." <u>See</u> <u>Dunn v. Colleran</u>, 247 F.3d 450, 468 (3d Cir. 2001) (quoting <u>Calderon v. Coleman</u>, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." <u>Id.</u> States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. <u>See</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 620 (1993).

_____

[4] <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." See 28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief may not be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

## III.    DISCUSSION

Respondents argue that Petitioner's § 2254 petition is untimely pursuant to AEDPA. (Doc. No. 26 at 5.)  Respondents "renew [their] arguments from [their] initial response that Petitioner's petition is untimely," asserting again that his initial § 2254 petition, filed on January 6, 2016, was filed too late.  (Id.)  Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  This statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

Under this statute of limitations, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final.  See id. § 2244(d)(1)(A).  In the instant case, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review."  See id.  The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal on October 6, 2010.  See Cruz, 2014 WL 10558222, at *1.  Consequently, his judgment of sentence became final on January 4, 2011, ninety (90) days after Petitioner could have sought a writ of certiorari from the United States Supreme Court.  See Bacon v. Sommers, No. 3:18-cv-59, 2019 WL 1239429, at *2 (M.D. Pa. Mar. 18, 2019).  Therefore, Petitioner had one year from January 4, 2011, or until January 4, 2012, to file a timely federal habeas petition.  Petitioner's initial § 2254 petition was filed on December 28, 2015, when Petitioner asserts he placed it in the prison mailing system for mailing to this Court.  (Doc. No. 1 at 14); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court.)  Petitioner's all-inclusive petition was filed even later, on November 27,

2019.[5]  (Doc. No. 15 at 7.)  Therefore, unless it is subject to statutory or equitable tolling, the

petition is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the

period of time when properly-filed state post-conviction proceedings are pending in any state

court.  See 28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is "filed"

when "it is delivered to, and accepted by, the appropriate court officer for placement into the

official record."  See Artuz v. Bennett, 531 U.S. 4, 8 (2000).  "[A]n application is 'properly filed'

when its delivery and acceptance are in compliance with the applicable laws and rules governing

filings."  Id.  A post-conviction relief application remains pending in state court until "the state

courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2)

does not toll the 1-year limitations period during the pendency of a petition for certiorari."  See

Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

Here, 267 days of the limitations period elapsed until Petitioner filed a timely PCRA

petition on September 28, 2011.  See Cruz, Docket No. CP-40-CR-0000329-2006.  On

September 24, 2013, the PCRA court denied Petitioner's PCRA petition.  (Doc. No. 26-1 at 26-

35.)  On December 30, 2014, the Superior Court dismissed Petitioner's appeal because he had

"filed a brief that fail[ed] to comply with the requirements of the Rules of Appellate Procedure

governing the content of briefs and fail[ed] to develop meaningful arguments."  See Cruz, 2014

WL 10558222, at *2.  Petitioner did not file a petition for allowance of appeal with the Supreme

Court of Pennsylvania.  Accordingly, Petitioner's state post-conviction proceedings regarding his

---

[5] Although Petitioner's all-inclusive § 2254 petition is not an amended petition, the Court
concludes that it relates back to the original § 2254 petition because both appear to be "tied to a
common core of operative facts."  See Mayle v. Felix, 545 U.S. 644, 664 (2005).  Thus, in light
of the unusual procedural history set forth above, the Court uses the filing date of Petitioner's
original § 2254 petition for purposes of its analysis regarding the limitations period.

10

first PCRA petition remained pending until January 29, 2015, when the time for seeking allowance of appeal expired.  See Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000).

As noted supra, Petitioner filed three (3) additional PCRA petitions.  On May 21, 2014, while Petitioner's appeal was pending before the Superior Court, Petitioner filed a second PCRA petition, which the PCRA court summarily dismissed on June 4, 2014.  (Doc. No. 26-4 at 89.) Thus, the time during which his second PCRA petition was pending is included within the time during which proceedings on his first PCRA petition were pending.  Petitioner's third and fourth PCRA petitions, however, were dismissed as untimely.  (Doc. No. 26-4 at 34-35, 40, 84.)  In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  See id. at 414 (quoting Carey v. Saffold, 536 U.S. 214 (2002)).  Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations.  See id. at 417 ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed," and he is not entitled to statutory tolling under § 2254(d)(2).").  Accordingly, Petitioner is not entitled to statutory tolling for the periods during which his third and fourth PCRA petitions were pending.

Petitioner's properly-filed PCRA proceedings, therefore, remained pending until January 29, 2015.  At that time, 98 days of the federal limitations period remained.  Petitioner, therefore, had until May 7, 2015 to file a timely § 2254 petition.  He did not file his original § 2254 petition until December 28, 2015.  Thus, Petitioner's § 2254 petition is barred by the statute of limitations unless he can establish that he is entitled to equitable tolling.[6]

---

[6] Petitioner has not addressed Respondents' argument that his § 2254 petition is untimely.  In his original § 2254 petition, Petitioner asserted that his mandatory life sentence was unconstitutional in light of Alleyne.  To the extent such a claim is properly before the Court, Petitioner cannot

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting Pace, 544 U.S. at 418). Accordingly, equitable tolling is to be applied sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the burden of establishing that he is entitled to the benefit of equitable tolling. See Pace, 544 U.S. at 418.

The Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. See McQuiggin v. Perkins, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." See Schlup v. Delo, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." See id. at 327. "Without any new evidence of

---

rely on § 2244(d)(1)(C) for belated commencement of the limitations period because Alleyne has not been made retroactive to cases on collateral review. See United States v. Winkleman, 746 F.3d 134, 136 (3d Cir. 2014). Petitioner further asserts that the prosecution did not turn over the DNA serology report until November of 2012. (Doc. No. 15 at 5.) Even if the Court were to apply § 2244(d)(1)(B) and (D) and conclude that the limitations period began to run in November of 2012, see Rinaldi v. Gillis, 248 F. App'x 371, 378 (3d Cir. 2007), Petitioner's § 2254 petition remains untimely filed under the analysis set forth above.

innocence, even the existence of a concededly meritorious constitutional violation is not in itself

sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits

of a barred claim."  See id. at 316.

In the instant case, Petitioner presents no argument or evidence to account for his delay in

seeking federal habeas relief from this Court.  Moreover, Petitioner does not indicate that

extraordinary circumstances obstructed his pursuit of such relief.  Finally, Petitioner advances no

claim of actual innocence or the discovery or new evidence that would support such a finding.

Accordingly, the Court concludes that there is no basis for the limitations period to be equitably

tolled in this matter.

## IV.      CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated

pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner

satisfies this standard by demonstrating that jurists of reason could disagree with the district

court's resolution of his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322,

327 (2003).  "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473,

484 (2000).  In the case at bar, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

## V.      CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 15) will be dismissed as untimely and a COA will not issue.  An appropriate Order follows.